UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COB GARCIA et al.,

Petitioners,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 3:26-cv-14728

**ORDER GRANTING IN PART AND DEFERRING IN PART TEMPORARY RESTRAINING ORDER; ORDER FOR SUPPLEMENTAL BRIEFING**

Re: ECF No. 3

Immigrations and Customs Enforcement ("ICE") arrested and detained, without a warrant, six individuals on November 24, 2026, in Contra Costa County, California. Petitioners Luis Alberto Cob Garcia, Cruz Francisco Atristain Corro, Hageo Revolorio, Mario Ponce Hernandez, Miguel Lopez Mejia, and Manuel Perez Jimenez were arrested on their way to work, at their worksites, and at gas stations. Petitioners are currently being held at 630 Sansome Street, San Francisco.

Petitioners filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"), and an Ex Parte Motion for Temporary Restraining Order contending that they are being unlawfully confined in violation of the Constitution and laws of the United States. ECF Nos. 1, 2, 3. The Court finds that the requirements for issuing a temporary restraining order ("TRO") without notice pursuant to Federal Rule of Civil Procedure 65(b) are met for Petitioners Cob Garcia and Perez Jimenez. The Court requires a supplemental declaration from Petitioners Corro, Revolorio, Hernandez, and Mejia to evaluate their likelihood of success on the merits.

The Court GRANTS IN PART and **DEFERS IN PART** Petitioners' Ex Parte Motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. ECF No. 3. The Court **ORDERS** that Respondents **IMMEDIATELY RELEASE PETITIONERS**

United States District Court
Northern District of California

**<u>GARCIA AND JIMENEZ</u> FROM CUSTODY TODAY, NOVEMBER 24, 2026.**

## I. BACKGROUND

Petitioners all have fixed residences in California, supportive communities, and close ties to the United States. Petitioners were all arrested without warrants in Concord, California on the morning of November 24, 2026.

### A. Petitioners Garcia and Jimenez

Petitioner Luis Alberto Cob Garcia is a 37-year-old man who lives in San Jose, California, and works on a fencing crew. He entered the United States without inspection, has never been placed in removal proceedings, and has no criminal history. At approximately 7:00 a.m. on November 24, 2026, as Mr. Cob Garcia was driving to work, ICE officers arrested him in Concord, California without a warrant and without providing a pre-deprivation hearing. Mr. Cob Garcia was arrested at the same worksite as Petitioner Manuel Perez Jimenez.

Petitioner Manuel Perez Jimenez is a 23-year-old man who lives in Ceres, California, and works on a fencing crew. He entered the United States without inspection, has never been placed in removal proceedings, and has no criminal history. On the morning of November 24, 2026, Mr. Perez Jimenez was arrested by ICE without a warrant and without a pre-deprivation hearing. Mr. Perez Jimenez was arrested at the same worksite as Petitioner Cob Garcia.

### B. Petitioners Corro, Revolorio, Hernandez, and Mejia

Petitioner Cruz Francisco Atristain Corro is a 29-year-old man who lives in Sacramento, California. At approximately 8:30 a.m. on November 24, 2026, ICE officers arrested him in a vehicle, without a warrant and without providing a pre-deprivation hearing. He was with Petitioner Miguel Lopez Mejia.

Petitioner Miguel Lopez Mejia is a 48-year-old man who lives in Modesto, California. At approximately 8:30 a.m. on November 24, 2026, ICE officers arrested him in a vehicle. He was arrested without a warrant and without providing a pre-deprivation hearing. He was with Petitioner Cruz Francisco Atristain Corro.

Petitioner Hageo Revolorio is a 55-year-old man who lives in Richmond, California. He has three U.S. citizen children. On the morning of November 24, 2026, ICE officers arrested him

while he was pumping gas in his truck at a gas station. He was arrested without a warrant and without a pre-deprivation hearing. Petitioner Revolorio's daughter reported to his attorney that he has diabetes, and because his blood pressure spiked during his arrest, he is currently unable to see.

Petitioner Mario Ponce Hernandez is a 57-year-old man who lives in Concord, California. At approximately 7:00 a.m. on November 24, 2026, ICE officers arrested him in Concord, California. He was arrested without a warrant and without a pre-deprivation hearing.

## II. ANALYSIS

The Court has reviewed the Petition. The Court finds that it has adequate information to evaluate Petitioners Garcia and Jimenez's motions for a TRO, but insufficient facts for the other four Petitioners. The Court first addresses Petitioners Garcia and Jimenez's motions, and then turns to the supplemental information required for Petitioners Corro, Revolorio, Hernandez, and Mejia.

### A. Petitioners Garcia and Jimenez

Petitioners have presented specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition. To prevail on a TRO, Petitioners must establish "[1] that [they are] likely to succeed on the merits, [2] that [they are] likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [their] favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to Petitioners' likelihood of success on the merits, the Court analyzes their "due process claim 'in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.'" *Quispe v. Chestnut*, No. 25-cv-2002-CSK, 2026 WL 654577, at *4 (E.D. Cal. Mar. 9, 2026) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). At the first step, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Petitioners arrived in the United States without

inspection, have never been placed in removal proceedings, and have no criminal history, and yet, they were arrested without a warrant within the interior of the United States.

At the second step, this Court finds that the three factors relevant to the due process inquiry set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—"the private interest that will be affected by the official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," *id.* at 335—require that Petitioners be immediately released from custody. Further, Petitioners must be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody. Petitioners have substantial private interests in remaining out of custody, for them to be able to continue their employment and presumably continue to financially support themselves and their loved ones. Moreover, the government's interest in detaining Petitioners—who have no criminal history and have never been placed in removal proceedings—is minimal. Thus, Petitioners have shown that they are likely to succeed on the merits.[1]

Petitioners have also made a sufficient showing on the remaining factors. An unconstitutional deprivation of physical liberty constitutes irreparable harm. *See, e.g.*, *Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017). The balance of hardships tip sharply in Petitioners' favor, particularly because, while commuting to work, they were arrested without warrants and without a pre-deprivation hearing; here, there is the minimal harm to the government. And the balance of harms and public interest factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

**B. Petitioners Corro, Revolorio, Hernandez, and Mejia**

The Court lacks sufficient information to evaluate Petitioners Corro, Revolorio, Hernandez, and Mejia's motions for a TRO. Accordingly, the Court ORDERS Petitioners Corro,

---

[1] In the Ninth Circuit, a TRO may also issue if Petitioner shows that there are "serious questions going to the merits" and that "the balance of hardships tips sharply" in his favor. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). In the alternative, for the same reasons, the Court finds that there are at least serious questions going to the merits.

United States District Court
Northern District of California

Revolorio, Hernandez, and Mejia to file a supplemental declaration, by noon on November 25, 2026, containing information regarding: (1) how and when they arrived in the United States; (2) whether they have had previous interactions with ICE or immigration authorities (and if so which authorities, when, where, and with what outcome); (3) whether they are subject to a removal order; and (4) whether they have any criminal history (and if so the nature and date of the convictions).

## III. CONCLUSION

Accordingly, the Court hereby **GRANTS IN PART** and **DEFERS IN PART** Petitioners' Motion for a Temporary Restraining Order. ECF No. 3. As to the relief granted in this case, in light of the minimal risk of harm to the government, the Court determines that security is not required.

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

- Respondents are **ORDERED TO IMMEDIATELY RELEASE PETITIONERS COB GARCIA AND PEREZ JIMENEZ FROM CUSTODY TODAY, NOVEMBER 24, 2026, IN CONTRA COSTA COUNTY, CALIFORNIA.** Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioners Cob Garcia and Perez Jimenez without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing them from the United States.
- Respondents are **ENJOINED AND RESTRAINING** from deporting, removing, or otherwise transferring **Petitioners Corro, Revolorio, Hernandez, and Mejia** outside the Northern District of California, except to the extent required to do to comply with Judge Pitts' order vacating ICE's 2025 courthouse-arrest policy (*see Pablo Sequen v. Albarran*, 835 F. Supp. 3d 1061, 1126 (N.D. Cal. 2026)), in which case Respondents may **ONLY** transfer Petitioners Corro, Revolorio, Hernandez, and Mejia to the Eastern District of California, and shall remain ready to return Petitioners Corro, Revolorio, Hernandez, and Mejia to this District upon further order of this Court.

United States District Court
Northern District of California

- In light of <u>Petitioner Revolorios</u>'s severe medical concerns, the government **SHALL IMMEDIATELY** provide him with adequate medical care.
- Respondents are **ENJOINED AND RESTRAINED** from deporting, removing, or otherwise transferring **any Petitioner** outside the United States until further Order of this Court.
- By no later than noon on November 25, 2026, Respondents **SHALL** file a declaration with this Court confirming that Respondents have fully complied with this TRO Order and **SHALL** verify the time and place on November 24, 2026, that Petitioners Garcia and Jimenez were released, as well as the then-current locations of Petitioners Corro, Revolorio, Hernandez, and Mejia. And, Respondents shall verify when and where medical care was provided to Petitioner Revolorio.
- The Court will evaluate the merits of Petitioners' habeas petition simultaneous to the request for preliminary injunctive relief. *See* Fed. R. Civ. P. 65(a)(2) (Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing.); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require.").
- Petitioners Corro, Revolorio, Hernandez, and Mejia **SHALL** file a supplemental declaration by noon on November 25, 2026, addressing the points described in Section II.B., above.
- Respondents **SHALL** answer or otherwise respond to the Petition (not the TRO motion) by no later than **11:00 p.m. on November 25, 2026**. Any response **SHALL** include the Petitioners' full Forms I-213, any orders of release, detention, or removal, any custody or arrest warrants or notices, including the date and time on which they were provided to Petitioners (or a declaration that they were not provided), Petitioners' criminal histories to the extent they exists, any record of any pre-detention hearings before an immigration judge (including the place and time that such hearing(s) were held), and any other portions of Petitioners' A-Files

United States District Court
Northern District of California

relevant to the determination of the issues presented in the Petition. Failure to timely respond shall be construed as a non-opposition. Civil L.R. 230(c). **IF THE BASIS FOR THE GOVERNMENT'S ARREST AND DETENTION OF ANY OF THE PETITIONERS IS 8 U.S.C. § 1225(b)(2)(A), THEN THE GOVERNMENT MUST PROVIDE A DECLARATION FROM EVERY OFFICER INVOLVED IN THAT PETITIONER'S ARREST OR DETENTION EXPLAINING WHY THEIR ACTIONS ARE LAWFUL GIVEN THE DECISION IN *RODRIGUEZ VAZQUEZ V. BOSTOCK*, 183 F.4th 1160, 1172 (9th Cir. 2026). FURTHER IF THE UNITED STATES OPPOSES THE PRELIMINARY INJUNCTION OR PETITIONERS' WRIT OF HABEAS CORPUS BASED ON 8 U.S.C. § 1225(b)(2)(A), THEN THE GOVERNMENT, INCLUDING ANY LAWYER WHO FILES THE OPPOSITION, SHALL FILE A DECLARATION EXPLAINING WHY THAT LEGAL POSITION IS BOTH LAWFUL AND ETHICAL UNDER THE RULES OF PROFESSIONAL RESPONSIBILITY GIVEN THE DECISION IN *RODRIGUEZ VAZQUEZ V. BOSTOCK,* 183 F.4th 1160, 1172 (9th Cir. 2026).**

- Petitioners may file a reply by November 30, 2026.
- The Court sets this matter for a hearing on Wednesday, December 9, at 9:00 a.m. via videoconference.
- Counsel for Respondents shall promptly enter notices of appearance.
- In the time before the hearing, the parties are ORDERED to meet and confer to see if they can resolve this matter without further judicial intervention.

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

**This Order shall remain in effect until December 9, 2026, at 7:25 p.m.** Petitioners shall serve this Order via email on Pamela Johann, Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California, at pamela.johann@usdoj.gov.

**IT IS SO ORDERED.**

Dated: November 24, 2026, 7:25 p.m.

Noël Wise
United States District Judge